| Fill in this information to identify your case: | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| SOUTHERN DISTRICT OF TEXAS | | |
| Case number (if known) | Chapter | 11 |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy      4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Tri-Point Oil & Gas Production Systems, LLC |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 38-3982419 |

| | | | | |
|---|---|---|---|---|
| 4. | Debtor's address | **Principal place of business** | | **Mailing address, if different from principal place of business** |
| | | 5555 San Felipe St Suite 1250<br>Houston, TX 77056 | | |
| | | Number, Street, City, State & ZIP Code | | P.O. Box, Number, Street, City, State & ZIP Code |
| | | Harris | | **Location of principal assets, if different from principal place of business** |
| | | County | | |
| | | | | Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | https://www.tri-pointllc.com/ | | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | | |

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page 1

Debtor   Tri-Point Oil & Gas Production Systems, LLC          Case number (*if known*) _____
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   
   2111

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
   
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   
   ☐ A plan is being filed with this petition.
   
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

District _____   When _____   Case number _____
District _____   When _____   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   See Rider 1                        Relationship   Affiliate
District Southern District of Texas   When   3/16/20   Case number, if known _____

Debtor   Tri-Point Oil & Gas Production Systems, LLC                                   Case number (*if known*)
         Name

| 11. | Why is the case filed in this district? | *Check all that apply:* |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No |
|---|---|---|
| | | ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
         Contact name _____
         Phone _____

### Statistical and administrative information

| 13. | Debtor's estimation of available funds | *Check one:* |
|---|---|---|
| | | ■ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>■ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>■ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

| Debtor | Tri-Point Oil & Gas Production Systems, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/16/2020
             MM / DD / YYYY

X  /s/ Jeffrey Martini
   Signature of authorized representative of debtor

Jeffrey Martini
Printed name

Title  CEO

**18. Signature of attorney**

X  /s/ Joshua W. Wolfshohl          Date  03/16/2020
   Signature of attorney for debtor        MM / DD / YYYY

Joshua W. Wolfshohl
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone  (713) 226-6000    Email address  jwolfshohl@porterhedges.com

24038592 TX
Bar number and State

**Rider A**

**Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| FR Tri-Point LLC |
| Tri-Point Oil & Gas Production Systems, LLC |
| Tri-Point Service GP, LLC |
| Tri-Point Services LLC |

**TRI-POINT OIL & GAS PRODUCTION SYSTEMS, LLC**

*Written Consent of the Sole Member*

March 16, 2020

The undersigned, being the sole member (the "**Member**") of Tri-Point Oil & Gas Production Systems, LLC, a Delaware limited liability company (the "**Company**"), hereby approves, consents to, and adopts the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act of the Member by written consent as of the date set forth above.

*Proper Officers*

NOW, THEREFORE, BE IT RESOLVED, that for purposes of these resolutions, the term "***Proper Officers***" shall mean any one or all of the Company's Chief Executive Officer, Chief Restructuring Officer, Chief Financial Officer, Treasurer and any Vice President, and solely for the purposes of attesting to, or certifying the authenticity of signatures, documents, instruments or agreements, the Secretary or any Assistant Secretary of the Company.

*Filing of Bankruptcy Petition*

WHEREAS, pursuant to the Limited Liability Company Agreement of the Company dated effective as of October 8, 2015, the Member has exclusive and complete authority and discretion to manage the operation and affairs of the Company and to make all decisions regarding the business of the Company;

WHEREAS, the Member, acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

WHEREAS, the Member has reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

WHEREAS, the Member has analyzed each of the strategic alternatives available to the Company.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Proper Officer deems necessary, desirable and proper in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Proper Officer deems necessary, desirable and proper in connection with Chapter 11 case of a subsidiary of the Company, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Proper Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Porter Hedges LLP ("**PH**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PH;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, such Proper Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, such Proper Officer is hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by such Proper Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement; and

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officers or the Member in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

10443335v1

*Sale of Unused Real Property*

RESOLVED FURTHER, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties for the Company to proceed with the sale of certain unused parcels of real property, specifically the Company's unused real property in Elk City, Oklahoma, Canadian, Texas, and Kountze, Texas through a third-party auction process administered by Ten-X and the Company's real estate broker (the "***Auction Process***") in accordance with the procedures and reserve prices previously described to the Board and subject to approval of the bankruptcy court; and

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by such Proper Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Auction Process, including the filing of appropriate applications with the bankruptcy court for authority to conduct the Auction Process and complete the sale of such properties;

*General*

RESOLVED FURTHER, that all acts and deeds heretofore done or actions taken by the Member or any officer or agent of the Company for and on behalf of the Company in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments, or documents in carrying out the terms and intentions of the foregoing preambles and resolutions be and each of them hereby are ratified, approved, and confirmed in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to take further action as he may deem necessary or advisable in connection with the above-referenced transactions, including execution of any document necessary to complete the above-referenced transactions; and

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to execute and deliver or cause to be executed and delivered any and all other agreements, certificates, reports, applications, notices, letters or other documents (including all instruments contemplated by any of the above documents), and to do or cause to be done any and all further acts as such Proper Officer shall deem necessary, appropriate or desirable to comply with the applicable laws and regulations of any jurisdiction (domestic or foreign) or otherwise permit the Company to fully and promptly carry out the purposes and intent of the foregoing preambles and resolutions and to consummate the transactions contemplated thereby, and any such action taken or any agreement, amendment, certificate, report, application, notice, letter or other document executed and delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his or her authority to take, execute and deliver the same.

3

IN WITNESS WHEREOF, the undersigned, being the Member, hereby executes this written consent effective as of the date first set forth above.

SOLE MEMBER:

FR TRI-POINT LLC

By: *[signature: Jeffrey Martini]*
Name: Jeff Martini
Title: Chief Executive Officer

**Fill in this information to identify the case:**
Debtor name: TRI-POINT OIL & GAS PRODUCTION SYSTEMS, LLC, et al.,
United States Bankruptcy Court for the: Southern District of Texas
Case number (If known):_____

☐ Check if this is an amended filing

**Official Form 204**
Chapter 11 or Chapter 9 Cases: List of the 30 Creditors Who Have Unsecured Claims and Are Not Insiders

| | Name of creditor | Contact information | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | IRON PILLAR ENERGY LLC | PO BOX 53367, MIDLAND, TX 79710  P: 43-238-6922 | Trade Debt -- on going litigation | | $0 | $0 | $1,506,454 |
| 2 | INDUSTRIAL PIPING SPECIALISTS | PO BOX 581270, TULSA, OK 74158-1270  P: 918-437-9100  F: 877-436-9095 | Trade Debt | | $0 | $0 | $937,417 |
| 3 | NOBLE ENERGY INC | 1205 N LAMESA RD, MIDLAND, TX 79701  P: 281-872-3100 | Trade Credits | | $0 | $0 | $796,445 |
| 4 | Petrohawk Energy Corporation (BHP Billiton Petroleum) | 1360 Post Oak Blvd., Houston, Texas 77056  P: 713-227-7890  F: 713-224-7890  E: greaves@firstreserve.com | Overpayment | | $0 | $0 | $650,000 |
| 5 | LFS Loveland, LLC | 12535 COUNTRY ROAD 2, BRIGHTON, CO 80603 | Unsecured note related to the Leep Fabricatoin acquisition | | $0 | $0 | $600,000 |
| 6 | CUNDO SANDBLASTING LLC | PO BOX 7163, ODESSA, TX 79760  P: 432-557-6734 | Trade Debt | | $0 | $0 | $562,057 |
| 7 | WILLBANKS METALS, INC | PO BOX 675064, DALLAS, TX 75267-5064  P: 817-625-6161  F: 817-625-8487  E: info@willbanksmetals.com | Trade Debt | | $0 | $0 | $377,652 |
| 8 | MICRO MOTION, INC | 22737 NETWORK PLACE, CHICAGO, IL 60673-1227  P: 314-553-2000  E: contactus@emerson.com | Trade Debt | | $0 | $0 | $337,431 |
| 9 | TITUS INDUSTRIAL | 14580 MIDWAY RD, FARMERS BRANCH, TX 75244  P: 469-289-1773 | Trade Debt | | $0 | $0 | $307,898 |
| 10 | H AND E EQUIPMENT SERVICES INC | P.O. BOX 849850, DALLAS, TX 75284-9850  P: 225-298-5200 | Trade Debt | | $0 | $0 | $293,491 |
| 11 | LONG INDUSTRIES, INC. | 105 FCR 413, BUFFALO, TX 75831  P: 903-389-3262  E: sales@longindustries.us | Trade Debt | | $0 | $0 | $272,056 |
| 12 | RELIANCE METALCENTER | PO BOX 561450, DENVER, CO 80256-1450  P: 619-263-2141  F: 619-474-1311  E: jsinohui@rsac.com | Trade Debt | | $0 | $0 | $269,147 |
| 13 | DIAMONDBACK E AND P LLC | PO BOX 380, ORANGE CITY, IA 51041-0380  P: 432-221-7400  E: ownerrelations@diamondbackenergy.com | Trade Credits | | $0 | $0 | $247,602 |
| 14 | AMERICAN PIPING PRODUCTS | 825 MARYVILLE CENTRE DRIVE, STE 310, CHESTERFIELD, MO 63017  P: 800-316-5737  F: 636-536-1363  E: credit@amerpipe.com | Trade Debt | | $0 | $0 | $244,069 |
| 15 | TRINITY HEADS. INC. | P.O. BOX 732666, DALLAS, TX 75373-2666  P: 936-825-6581  F: 936-825-6470 | Trade Debt | | $0 | $0 | $236,959 |
| 16 | Britt Schmidt | 711 Pifer Rd., Houston, TX 77024 | Severance | | $0 | $0 | $199,661 |
| 17 | MARSH WORTHAM | PO BOX 301513, DALLAS, TX 75303-1513  P:713-526-3366 | Trade Debt | | $0 | $0 | $193,077 |
| 18 | ENERGY SALES, LLC | PO BOX 31001-2641, PASADENA, CA 91110-2641  P: 432-580-7280  F: 432-580-7275  E: JL@energysalesllc.com | Trade Debt | | $0 | $0 | $189,683 |
| 19 | BALON CORPORATION | 3245 SOUTH HATTIE AVENUE, OKC, OK 73129  P: 405-677-3321  F: 405-677-3917 | Trade Debt | | $0 | $0 | $179,311 |
| 20 | IFS NORTH AMERICA, INC. | DEPT CH17074, PALATINE, IL 60055-7074  P: 888-437-4968 | Trade Debt | | $0 | $0 | $165,491 |
| 21 | PROTECH SALES, USA CORP | 12340 MEAD WAY, LITTLETON, CO 80125-9352  P: 303-471-0040  F: 303-471-8487 | Trade Debt | | $0 | $0 | $158,332 |
| 22 | IRON MULE PRODUCTS INC. | PO BOX 238, CASSVILLE, MO 65625  P: 417-846-0050  F: 417-847-5273  E: info@ironmuleproducts.com | Trade Debt | | $0 | $0 | $153,804 |
| 23 | ROCKY MOUNTAIN OILFIELD WAREHOUSE | 414 S. ELM ST., CASPER, WY 82601  P: 888-599-2200  F: 307-233-4851 | Trade Debt | | $0 | $0 | $150,165 |
| 24 | PROFIRE ENERGY INC | 321 S 1250 W STE 1, LINDON, UT 84042  P: 855-776-3473  E: solutions@profireenergy.com | Trade Debt | | $0 | $0 | $150,153 |

**Fill in this information to identify the case:**
**Debtor name:** TRI-POINT OIL & GAS PRODUCTION SYSTEMS, LLC, et al.,
**United States Bankruptcy Court for the:** Southern District of Texas
**Case number (If known):** _____

☐ Check if this is an amended filing

**Official Form 204**
Chapter 11 or Chapter 9 Cases: List of the 30 Creditors Who Have Unsecured Claims and Are Not Insiders

| | Name of creditor | Contact information | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | SUMITEC INTERNATIONAL INC. | 577 HILLCREST DRIVE, BOLINGBROOK, IL 60440<br><br>P: 877-837-9618<br>F: 936-569-8722<br>E: sumitecsales@comcast.net | Trade Debt | | $0 | $0 | $148,370 |
| 26 | ABSOLUTE METAL PRODUCTS, LLC | 7208 Gessner Road, Houston, TX 77040<br><br>P: 713-340-5990<br>F: 713-466-4473 | Trade Debt | | $0 | $0 | $140,015 |
| 27 | UNIQUE FLO | P.O. BOX 207444, DALLAS, TX 75320-7444<br><br>P: 888-999-3588<br>E: sales@uniqueflo.com | Trade Debt | | $0 | $0 | $131,481 |
| 28 | GENERAL AIR SERVICE AND SUPPLY | 1105 ZUNI ST., DENVER, CO 80204<br><br>P: 303-892-7003<br>F: 303-595-9036 | Trade Debt | | $0 | $0 | $130,749 |
| 29 | MIDWESTERN PIPELINE PRODUCTS | 2119 S UNION AVE, TULSA, OK 74107<br><br>P: 918-858-4201<br>F: 918-446-6384<br>E: sales@sidebooms.com | Trade Debt | | $0 | $0 | $128,104 |
| 30 | SE CORROSION SPECIALTIES LLC | PO BOX 52588, MIDLAND, TX 79710<br><br>P: 432-664-4983 | Trade Debt | | $0 | $0 | $118,993 |

## United States Bankruptcy Court
### Southern District of Texas

In re: Tri-Point Oil & Gas Production Systems, LLC

Debtor(s)

Case No.
Chapter 11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| FR Tri-Point LLC<br>5555 San Felipe St., Suite 1250<br>Houston, TX 77056 | | | Sole Member |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the CEO of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  03/16/2020

Signature  /s/ Jeffrey Martini
Jeffrey Martini

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## United States Bankruptcy Court
### Southern District of Texas

In re   Tri-Point Oil & Gas Production Systems, LLC          Case No.
                                        Debtor(s)            Chapter   11

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   Tri-Point Oil & Gas Production Systems, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

FR Tri-Point LLC
5555 San Felipe St., Suite 1250
Houston, TX 77056

☐ None [*Check if applicable*]

03/16/2020                              /s/ Joshua W. Wolfshohl
Date                                    Joshua W. Wolfshohl
                                        Signature of Attorney or Litigant
                                        Counsel for   Tri-Point Oil & Gas Production Systems, LLC
                                        Porter Hedges LLP
                                        1000 Main Street, 36th Floor
                                        Houston, TX 77002
                                        (713) 226-6000 Fax:(713) 228-1331
                                        jwolfshohl@porterhedges.com

**Fill in this information to identify the case:**

Debtor name: Tri-Point Oil & Gas Production Systems, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
■ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
■ Other document that requires a declaration   List of Equity Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/16/2020    X  /s/ Jeffrey Martini
                              Signature of individual signing on behalf of debtor

                              Jeffrey Martini
                              Printed name

                              CEO
                              Position or relationship to debtor