UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | Chapter 11 | |
| § | | |
| **TRI-POINT OIL & GAS PRODUCTION SYSTEMS, LLC,** § | Case No. 20-31777 (DRJ) | |
| § | | |
| § | (Emergency Hearing Requested) | |
| Debtor. § | | |
| | | |
| **In re:** § | Chapter 11 | |
| § | | |
| **FR TRI-POINT LLC,** § | Case No. 20-31778 | |
| § | | |
| Debtor. § | | |
| | | |
| **In re:** § | Chapter 11 | |
| § | | |
| **TRI-POINT SERVICE GP, LLC,** § | Case No. 20-31779 | |
| § | | |
| Debtor. § | | |
| | | |
| **In re:** § | Chapter 11 | |
| § | | |
| **TRI-POINT SERVICES LLC,** § | Case No. 20-31780 | |
| § | | |
| Debtor. § | | |

**DEBTORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF</u>**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 18, 2020 AT 2:30 P.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MARCH 18, 2020.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this emergency motion (the "Motion"):

**RELIEF REQUESTED**

1. By this Motion, the Debtors hereby seek entry of an order, substantially in the form attached hereto (the "Order"): (a) directing the joint administration of these related chapter 11 cases for procedural purposes only and (b) granting related relief. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Tri-Point Oil & Gas Production Systems, LLC, and that the Court administer the chapter 11 cases under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** § § **Chapter 11** § | |
| **TRI-POINT OIL & GAS PRODUCTION SYSTEMS, LLC,** *et al.*, § § **Case No. 20-31777** § | |
| § **(Jointly Administered)** § | |
| **Debtors.**[1] § § | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Tri-Point Oil & Gas Production Systems LLC (2419); FR Tri-Point LLC (3967), Tri-Point Services GP, LLC (5463), and Tri-Point Services, LLC (0783). The address of the Debtors' headquarters is: 5555 San Felipe, Suite 1250, Houston, Texas 77056.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code"). The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than

2

Tri-Point Oil & Gas Production Systems, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Tri-Point Oil & Gas Production Systems, LLC, Case No. 20-31777; FR Tri-Point LLC, Case No. 20-31778; Tri-Point Services GP, LLC, Case No. 20-31779; and Tri-Point Services, LLC, Case No. 20-31780. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 20-31777 (DRJ).**

3. The Debtors further request authority to file any monthly operation reports and post-effective date quarterly operating reports on a consolidated basis for the jointly-administered Debtors, provided that income and disbursements are tracked and broken out on a Debtor-by-Debtor basis.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. § 157. The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), Rules 1015-1 and 9013-1 of the Bankruptcy Local

Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND

6. On March 16, 2020 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these cases under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Jeff Martini, Chief Executive Officer of the Debtors, in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed contemporaneously herewith and which is fully incorporated herein by reference.[1]

7. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner has been requested in these chapter 11 cases, and no committees have been appointed or designated.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

---

[1] All capitalized terms used but not otherwise defined herein shall the meanings ascribed to them in the First Day Declaration.

> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

9. Further, Bankruptcy Local Rule 1015-1 provides for joint administration if the following prerequisites are satisfied:

> (a) Motions and proposed orders for joint administration should itemize the requested relief. The motion and order must be in the form published on the court's website.
>
> (b) A motion for joint administration must be made to the judge with the lowest case number.

*See* S.D. Tex. Bankr. L.R. 1015-1.

10. The Debtors in the chapter 11 cases include Tri-Point Oil & Gas Production Systems, LLC and certain of its indirect subsidiaries, FR Tri-Point LLC, Tri-Point Services GP, LLC, and Tri-Point Services, LLC. As such, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Debtors' chapter 11 cases is appropriate under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the chapter 11 cases will affect all of the Debtors. The failure to jointly administer these cases would result in individual case dockets and, inevitably, would lead to numerous duplicative filings for each issue, which would then be served upon separate

service lists. This duplication would be wasteful and would unnecessarily burden the Clerk of the Court and the Debtors.

12. Joint administration of the chapter 11 cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the U.S. Trustee.

13. Further, joint administration of the chapter 11 cases will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in all of these cases.

14. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration. The relief requested in this Motion has been granted in other large and complex chapter 11 cases in this District.[2] Furthermore, nothing in the relief requested herein is intended

---

[2] *See, e.g.*, *In re PetroQuest Energy, Inc.*, Case No. 18-36322 (MI) (Bankr. S.D. Tex. Nov. 7, 2018), ECF No. 24 (directing the joint administration of chapter 11 cases); *In re Erin Energy Corp.*, Case No. 18-32106 (MI) (Bankr. S.D. Tex. May 1, 2018), ECF No. 15 (same); *In re Fieldwood Energy LLC*, Case No. 18-30648 (DRJ) (Bankr. S.D. Tex. Feb. 15, 2018), ECF No. 31 (same); *In re Exco Resources, Inc.*, Case No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 16, 2018), ECF No. 18 (same); *In re Cobalt Int'l Energy, Inc.*, Case No. 17-36709 (MI) (Bankr. S.D. Tex. Dec. 14, 2017), ECF No. 33 (same).

to grant Debtor Tri-Point Oil & Gas Production Systems, LLC standing to be heard on any issue affecting another Debtor beyond what is granted in applicable law.

15.     The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers and other detail specified by Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.  Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request.  In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rule 2002(a)(1), (a)(7), and (b), as applicable to these cases.  Therefore, the Debtors submit that the policies behind the requirements of Section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

16.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly-administered Debtors.

17.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## EMERGENCY CONSIDERATION

18.     To the extent applicable, in accordance with Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the

commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." To avoid confusion and facilitate a smooth transition into the chapter 11 cases, it is critical that the cases be jointly administered immediately following the Petition Date, a period during which there will be a significant volume of docket filings and other procedural events.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

19.     Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (b) counsel for Wells Fargo Bank, NA; (c) counsel for FR XIII Charlie AIV, L.P.; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; and (h) all parties that have requested or that are required to receive notice pursuant to Rule 2002 of the Bankruptcy Rules.  The Debtors submit that, under the circumstances, no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

**Dated: March 16, 2020.**

 **Houston, Texas**

         **PORTER HEDGES LLP**

       By: */s/ Joshua W. Wolfshohl*
          Joshua W. Wolfshohl (TX 24038592)
          Aaron J. Power (TX 24058058)
          Genevieve M. Graham (TX 24085340)
          Michael B. Dearman (TX 24116270)
          1000 Main Street, 36th Floor
          Houston, Texas 77002
          Telephone: (713) 226-6000
          Fax: (713) 226-6248

          **PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**