**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| **TRI-POINT OIL & GAS PRODUCTION** | § |
| **SYSTEMS, LLC,** *et al.*, | § Case No. 20-31777 |
| | § |
| | § (Joint Administration Pending) |
| Debtors.[1] | § (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION TO (I) EXTEND THE
TIME TO FILE SCHEDULES AND STATEMENTS OF FINANCIAL
AFFAIRS, (II) AUTHORIZE THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THEIR 30 LARGEST UNSECURED CREDITORS, AND (III) WAIVE
THE REQUIREMENT THAT EACH DEBTOR FILE A LIST OF CREDITORS**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 18, 2020 AT 2:30 P.M. IN COURTROOM 400, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN MARCH 18, 2020.**

Tri-Point Oil & Gas Production Systems LLC ("Tri-Point") and certain of its affiliates and subsidiaries, as debtors and debtors in possession in the above captioned cases (collectively, the "Debtors") file this Emergency Motion (the "Motion") for an order (i) granting the Debtors additional time to file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"); (ii) authorizing the Debtors to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Tri-Point Oil & Gas Production Systems, LLC (2419); FR Tri-Point, LLC (3967), Tri-Point Services GP, LLC (5463), and Tri-Point Services, LLC (0783). The address of the Debtors' headquarters is: 5555 San Felipe, Suite 1250, Houston, Texas 77056.

10446962v1

File a Consolidated List of their 30 Largest Unsecured Creditors; and (iii) waiving the requirement that each Debtor file a list of creditors.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The statutory bases for the relief requested herein are sections 105(a) and 521 of the United States Code (the "Bankruptcy Code"), Rules 1007, 6003 and 9006 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "Complex Case Procedures").

## EMERGENCY CONSIDERATION

3. Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request emergency consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. As discussed in detail below and in the *Declaration of Jeff Martini in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), any delay in granting the relief requested could hinder the Debtors' operations and cause immediate and irreparable harm. As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

## BACKGROUND

4.      On March 16, 2020 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.      The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.      The Debtors are a provider of oil and gas production and processing equipment and services headquartered in Houston, Texas with operations in the Permian, Mid-Con and Rockies regions. The Debtors' services include engineering and design, manufacturing, installation, start-up, rentals, refurbishment and after-market field maintenance.

8.      The Debtors filed these Chapter 11 Cases to facilitate the orderly liquidation of their assets.

9.      Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the First Day Declaration, filed contemporaneously with this Motion.

## RELIEF REQUESTED

10.     By this Motion, the Debtors seek entry of an order granting the Debtors an additional thirty (30) days to file their Schedules and Statements pursuant to Bankruptcy Rule 1007(c). The deadline for filing schedules and statements of financial affairs in these cases is

currently March 30, 2020. The Debtors seek an extension to April 29, 2020, which grants the Debtors an additional thirty (30) days to file their Schedules and Statements. The U.S. Trustee has agreed to this request.

11. The Debtors also seek entry of an order authorizing the Debtors to (i) file a consolidated list of their 30 largest unsecured creditors pursuant to Bankruptcy Rule 1007(d), rather than a list of each Debtor's twenty (20) largest unsecured creditors and (ii) establish a consolidated creditor matrix.

12. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

**A.    Extension of the Deadline to File Schedules and Statement of Financial Affairs**

13. Bankruptcy Code section 521 and Bankruptcy Rules 1007(b) and (c) require a chapter 11 debtor to file with its voluntary petition—or within 14 days thereafter—the Schedules and Statements. 11 U.S.C. § 521; FED. R. BANKR. P. 1007(b) and (c). Bankruptcy Rules 1007(c) and 9006(b) provide that this Court is authorized to grant an extension of the time to file the Schedules and Statements "for cause." FED. R. BANKR. P. 1007(c) and 9006(b). Bankruptcy Rule 1007(c) also requires the Debtors to give notice of any requested extension to the United States Trustee, any committee appointed pursuant to Bankruptcy Code section 1102, and any other party that the Court directs. FED. R. BANKR. P. 1007(c).

14. Under the circumstances, the requested extension is warranted. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to creditor claims, as well as the Debtors' assets. Among other reasons,

because of (i) the size and scope of the Debtors' businesses, (ii) the limited staffing available to perform the required internal review of their accounts and affairs, and (iii) the focus of attention to matters incident to the commencement of these Chapter 11 Cases, the Debtors will not be able to assemble all of the information necessary to complete and file the schedules and statements of financial affairs by the applicable deadline.

15.  Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g.*, *Neighbors Legacy Holdings, Inc.*, No. 18-33836 (MI), Docket No. 40 (Bankr. S.D. Tex. July 13, 2018) (granting debtors an additional 45 days, for a total of 59 days from the petition date); *EMAS Chiyoda Subsea Ltd.*, No. 17-31146 (MI), Docket No. 52 (Bankr. S.D. Tex. Mar. 1, 2017) (granting debtors an additional 30 days, for a total of 44 days from the petition date); *In re Linn Energy, LLC*, No. 16-60040 (DRJ), Docket No. 86 (Bankr. S.D. Tex. May 13, 2016) (granting debtors an additional 47 days, for a total of 61 days from the petition date, to file their schedules and statements); *In re Goodrich Petroleum Corp.*, No. 16-31975 (MI), Docket No. 39 (Bankr. S.D. Tex. Apr. 18, 2016) (granting debtors an additional 16 days, for a total of 30 days from the petition date, to file their schedules and statements); *In re Energy XXI Ltd.*, No. 16-31928 (DRJ), Docket No. 54 (Bankr. S.D. Tex. Apr. 15, 2016) (granting debtors an additional 30 days, for a total of 44 days from the petition date, to file their schedules and statements); *In re Buccaneer Res., LLC*, No. 14-60041 (DRJ), Docket No. 73 (Bankr. S.D. Tex. June 9, 2014) (granting debtors an additional 16 days for a total of 30 from the petition date); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI), Docket No. 133 (Bankr. S.D. Tex. Aug. 21, 2012) (granting debtors an additional 30 days, for a total of 44 days from the petition date, to file their schedules and statements).

**B.     Consolidated Creditor List**

16.     Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, which hold the 20 largest unsecured claims in the debtor's case (a "Top 20 List"). FED. R. BANKR. P. 1007(d). The Top 20 List is primarily used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against the debtors and thus identify potential candidates to serve on the official committee of unsecured creditors.

17.     The Debtors, while separate legal entities, have a large number of common creditors and a centralized cash management system. Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors, which is representative of the Debtors' larger creditor body. Filing a separate Top 20 List in each of their respective cases would generate a variety of lists with a large number of duplicate entries. The Debtors do not believe that such duplicative filings would facilitate the U.S. Trustee's review of creditors' claims or its appointment of a creditors' committee in these cases. Granting this relief is consistent with the Complex Case Procedures, which require the lead Debtor to "file a single, consolidated lust of creditors on Official Form B 204 consisting of the 30 largest creditors of all jointly administered debtors."

**C.     Consolidated Creditor Matrix**

18.     Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H." FED. R. BANKR. P. 1007(a)(1). Here, although these Chapter 11 Cases involve numerous separate debtors, the Debtors are seeking joint administration. Debtor-specific creditor matrices would be

6

an unnecessarily burdensome task and would result in duplicate mailings. As such, the Debtors submit that the filing of a single consolidated creditor matrix (the "Creditor Matrix") is appropriate and consistent with the Complex Case Procedures.

19. Courts in this jurisdiction have granted similar relief. *See e.g., Neighbors Legacy Holdings, Inc.*, No. 18-33836 (MI), Docket No. 40 (Bankr. S.D. Tex. July 13, 2018); *EMAS Chiyoda Subsea Ltd.*, No. 17-31146 (MI), Docket No. 47 (Bankr. S.D. Tex. Mar. 1, 2017); *In re Goodrich Petroleum Corp.*, No. 16-31975, Docket No. 38 (Bankr. S.D. Tex. Apr. 18, 2016) (authorizing the filing of a consolidated list of creditors in lieu of separate mailing matrices); *In re Energy XXI Ltd.*, Docket No. 16-31928, Docket No. 53 (Bankr. S.D. Tex. Apr. 15, 2016); *In re Buccaneer Res., LLC*, No 14-60041, Docket No. 16 (Bankr. S.D. Tex. June 2, 2014) (same); *In re Autoseis, Inc.*, No. 14-20130, Docket No. 63 (Bankr. S.D. Tex. Mar. 27, 2014) (same).

## NOTICE

20. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"); (b) counsel for Wells Fargo Bank, NA; (c) counsel for FR XIII Charlie AIV, L.P.; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; and (h) all parties that have requested or that are required to receive notice pursuant to Rule 2002 of the Bankruptcy Rules. The Debtors submit that, under the circumstances, no other or further notice is required.

## CONCLUSION

Accordingly, the Debtors request that the Court enter an order, substantially in the attached, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Houston, Texas
Dated: March 16, 2020.

                                            **PORTER HEDGES LLP**

By: */s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX 24038592)
Aaron J. Power (TX 24058058)
Genevieve M. Graham (TX 24085340)
Michael B. Dearman (TX 24116270)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**